# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5589 | **DATE** | 9/8/11 |
| **CASE TITLE** | David Stone (#2011-0511840) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $3.33. Trust fund account officials at Plaintiff's place of confinement are authorized to make deductions from Plaintiff's account in accordance with this order. The Clerk shall send a copy of this order to the trust fund office at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. The Clerk is directed to send to Plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. Plaintiff's failure to comply with this order within 30 days of the date of this order will result in dismissal of this case.

■ [For further details see text below.]                                      Docketing to mail notices.

## STATEMENT

Plaintiff David Stone (#2011-0511840), incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 action against the Chicago Police Department, the Cook County State's Attorney, and the Cook County Jail. Plaintiff alleges that he was falsely arrested in April of 2011, that a state court judge found no probable cause for an arrest, and that an Assistant State's Attorney nevertheless sought to indict Plaintiff by a grand jury for an offense he did not commit and that had already been dismissed. He seeks to file his complaint *in forma pauperis*.

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $3.30. See 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time that the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred to another facility. **(CONTINUED)**

| | isk |
|---|---|

# STATEMENT

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. Plaintiff's allegations set forth claims of false arrest, false imprisonment, and malicious prosecution; however, none of the parties that he names as Defendants are suable entities. The Chicago Police Department is not a suable entity that can be named as a defendant. See *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir.1997); see also *Best v. City of Portland*, 554 F.3d 698 n.1 (7th Cir. 2009). Nor is the Cook County Jail a suable entity. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Although the Cook County State's Attorney is an individual who can be named as a Defendant, prosecutors have absolute immunity for their actions in connection with the filing of charges and prosecuting a case, which are the actions alleged by Plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); see also *Henry v. Farmer City State Bank*, 808 F .2d 1228, 1238 (7th Cir. 1986).

To the extent that Plaintiff seeks to allege claims of false arrest, false imprisonment, and malicious prosecution, he should name the officers involved in the arrest and/or charging of Plaintiff. If Plaintiff does not know the names of the officers involved with the arrest and charging of Plaintiff, he may refer to them as "John or Jane Does" and also name Chicago Police Superintendent Garry McCarthy as a Defendant. Once an attorney enters an appearance for Superintendent McCarthy, Plaintiff may forward discovery requests for the names of the unknown officers.

In sum, the Court dismisses the complaint without prejudice to Plaintiff submitting an acceptable complaint. To proceed with this case, Plaintiff must submit an amended complaint that names suable parties as Defendants. Plaintiff is given 30 days from the date of this order to submit an amended complaint.

Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims that he seeks to raise and list the Defendants whom he seeks to sue in this case. Plaintiff must submit the amended complaint along with a judge's copy and a service copy for each named Defendant. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies.

Plaintiff's failure to comply with this order within 30 days may be construed as his desire not to proceed with this case and will result in dismissal of this case without prejudice.